UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AUSTIN BLAKE THRASHER,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>WARDEN DAVIS,<br><br>　　　　　　Respondent. | Case No. 1:20-cv-00111-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Austin Blake Thrasher, challenging Petitioner's state court convictions of first-degree murder and grand theft. *Dkt. 14*. Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication. *Dkt. 18*.

The Court takes judicial notice of the records from Petitioner's state court proceedings. *Dkt. 17, 21*. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion and dismissing this case with prejudice.

## BACKGROUND

In two separate cases in the First Judicial District Court in Bonner County, Idaho, Petitioner was charged with burglary, grand theft, and first-degree murder. *State's Lodging E-2*; *A-1* at 188–89. Petitioner was evaluated for competency three times. He was found

competent in the first evaluation, incompetent in the second, and once again competent in the final evaluation. *State's Lodging A-6, A-7, A-8*.

In return for dismissal of the burglary charge, Plaintiff pleaded guilty to grand theft and first-degree murder. *State's Lodging A-3* at 490–500; *A-4* at 4–8. Petitioner was sentenced to a unified term of life in prison with 25 years fixed for the murder conviction, as well as a concurrent two-year sentence for the grand theft conviction. *State's Lodging A-4* at 29.

Petitioner did not appeal his conviction or sentence in the grand theft case. He did, however, appeal his sentence for first-degree murder, contending that the trial court abused its discretion. *State's Lodging B-1*. The Idaho Court of Appeals affirmed. *State's Lodging B-4*. On June 27, 2014, the Idaho Supreme Court denied review and issued the remittitur. *State's Lodging B-6*; *B-7*. Petitioner did not file a petition for certiorari with the United States Supreme Court.

Petitioner did not pursue any other relief from his convictions until May 13, 2019, when he filed a motion for correction of sentence, in his murder case, under Idaho Criminal Rule 35(a).[1] *State's Lodging C-2* at 30–34. The state district court denied the motion. *Id*. at 53–56.

Petitioner appealed the denial of his Rule 35 motion, and the Idaho Court of Appeals affirmed. *State's Lodging D-1*; *D-4*. The Idaho Supreme Court denied the petition for

---

[1] Idaho courts follow the prison mailbox rule and deem a pro se inmate's post-conviction petition filed on the date the petition is delivered to prison authorities for placement in the mail. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

review, and issued the remittitur, on February 19, 2020. *State's Lodging D-6*; *D-7*.

On March 1, 2020,[2] Petitioner filed an initial pleading in this Court, which construed the document as a petition for writ of habeas corpus. On June 18, 2020, Petitioner filed an Amended Petition, challenging the first-degree murder conviction and asserting the following claims:

> Claim 1(a) alleges that Petitioner's guilty plea was involuntary because Petitioner was incompetent and because the police coerced him into pleading guilty. Claim 1(b) appears to assert a violation of Petitioner's right to be free from compelled self-incrimination because he was not informed that he could remain silent during the presentence investigation; therefore, alleges Petitioner, his presentence investigation report was illegal. Claim 1(c) appears to assert a due process violation during sentencing because a neuropsychological examination either was not performed or, if performed, was not provided to Petitioner.

*Initial Review Order*, Dkt. 15, at 2; *see also Am. Pet.* at 1.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Initial Review Order* at 2.

Respondent now argues that Petitioner's claims are barred by the one-year statute of limitations and are procedurally defaulted. Having fully reviewed the record, including the state court record, the Court concludes that the Petition must be dismissed as untimely.

---

[2] Federal courts also follow the prison mailbox rule. *See* Rule 3(d) of the Rules Governing § 2254 Cases ("Habeas Rules"); *Houston v. Lack*, 487 U.S. 266, 270 (1988).

MEMORANDUM DECISION AND ORDER - 3

Therefore, the Court need not address Respondent's procedural default argument.

## DISCUSSION

The Habeas Rules authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

1.  **Standards of Law**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final. Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
| --- | --- |
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |

| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
|---|---|
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent a petitioner properly filed an application for postconviction or other collateral relief in state court, the one-year limitations period stops running on the

filing date of the state court action and resumes when the case is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

In addition to statutory tolling, equitable tolling can also apply to suspend the one-year limitations period. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The petitioner bears the burden of showing a factual basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

"[W]hether a petitioner acted with reasonable diligence is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). For a petitioner to satisfy the diligence prong, he "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). In *Smith*, for example, the Ninth Circuit denied

equitable tolling because the petitioner "failed to exercise reasonable diligence during the 10 months available after [the extraordinary circumstance ended] and before the … statute of limitations expired." *Id.* at 586.

The second prong of equitable tolling requires extraordinary circumstances that prevented a timely filing. Equitable tolling is not justified by mere oversight or negligence. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013). For an attorney's error to constitute an extraordinary circumstance warranting equitable tolling, the attorney's conduct must be "egregious." *Holland*, 560 U.S. at 651. A "garden-variety claim of excusable neglect," such as miscalculation of a filing deadline, is insufficient. *Id*. (internal quotation marks omitted).

Additionally, there must be a causal link between the extraordinary circumstance and the untimeliness of the petition. However, this causal nexus requirement "does not impose a rigid impossibility standard on litigants, and especially not on pro se prisoner litigants." *Smith*, 953 F.3d at 600 (internal quotation marks omitted).

Ignorance of the law is not an appropriate ground for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Further, the Ninth Circuit has "rejected the argument that lack of access to library materials automatically qualifie[s] as grounds for equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Instead, a petitioner must establish that—due to circumstances beyond his control—he could not have filed "a basic form habeas petition" within the limitations period, despite exercising reasonable diligence. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (denying tolling when a petition was 340 days late because, for three years, the petitioner "had access to all of the documents necessary for his *Faretta* self-representation claim. He

could have developed that argument, outlined the other arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information.").

For example, this Court has denied a request for equitable tolling when various legal resources, including the Court's own prisoner self-help habeas corpus packet, were available at the prison during the limitations period. *Brown v. Smith*, No. 1:12-CV-00112-REB, 2013 WL 149357, at *4 (D. Idaho Jan. 14, 2013) (unpublished). Even though there was no case law about AEDPA in the prison law library, the petitioner in *Brown* did not show that these resources "were unavailable to him personally, or that State action prevented him from discovering the law or filing his petition." *Id*. A petitioner seeking equitable tolling based on lack of legal research materials also must explain "how he would have acted differently had he been given access" to such materials. *Id*. ("For example, the prison self-help packet, available since 2002 and updated in 2011, outlines how the AEDPA statute of limitations is calculated.").

In addition, the statute of limitations is subject to an actual innocence, or miscarriage of justice, exception. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). To take advantage of the actual innocence gateway exception to the statute of limitations, a petitioner must demonstrate "that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas

petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

**2.     The Claims in the Amended Petition Are Barred by the Statute of Limitations**

   ***A.     The Initial Petition Was Filed after the Expiration of the Limitations Period***

Because Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his first-degree murder conviction became final on September 25, 2014, 90 days after the Idaho Supreme Court denied his petition for review on June 27, 2014. *See* 28 U.S.C. § 2244(d)(1)(A); U.S. Supreme Ct. Rule 13. Absent tolling, the statute of limitations would expire one year later, on September 25, 2015. Because the initial petition in this case was filed on March 1, 2020, the claims are time-barred unless Petitioner establishes that he is entitled to sufficient statutory or equitable tolling.

Petitioner does not argue that he is entitled to statutory tolling. Nor could he, given that federal limitations period expired long before he filed his Rule 35 motion on May 13, 2019. *See Ferguson*, 321 F.3d at 822. However, Petitioner does argue (1) that equitable tolling should be applied to render his Petition timely, and (2) that he is actually innocent. *See Dkt. 26* at 4–5.

   ***B.     Petitioner Is Not Entitled to Equitable Tolling***

As stated above, equitable tolling applies if (1) the petitioner has pursued his rights

diligently, and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. Petitioner has not satisfied either prong of this analysis.

Petitioner asserts that his attorneys "and other state officials" were ineffective or misled him, and that the prison library was inadequate. *Dkt. 26* at 4. Petitioner may also be contending that he was incompetent for at least some portion of the limitations period.

However, such vague allegations are insufficient to meet Petitioner's heavy burden of showing that he acted diligently and that he was prevented from filing a timely petition by extraordinary circumstances beyond his control. The initial petition in this case was filed more than four years after the statute of limitations expired. Petitioner's generalized statements—which do not include any dates as to when the alleged obstructions to filing began or ended—simply do not establish that Petitioner is entitled to over four years of equitable tolling. Accordingly, Petitioner's claims are untimely.

### C. *Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing*

Petitioner also contends that the Court can consider his untimely habeas claims because he is actually innocent.[3] As explained above, to prove actual innocence, Petitioner must prove "it is more likely than not that no reasonable juror would have found [him] guilty." *Schlup*, 513 U.S. at 327. Stated another way, Petitioner must show that *every* reasonable juror would vote to acquit.

This extremely stringent standard "permits review only in the 'extraordinary' case."

---

[3] The Court assumes without deciding that the actual innocence exception to the statute of limitations can apply even in cases where, as here, the petitioner pleaded guilty. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007).

*House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner alleges that statements by another inmate and by his co-defendant will prove that he was framed. *Dkt. 26* at 5. However, Petitioner does not describe these statements, nor has he presented any new, reliable evidence that he is actually innocent. Therefore, the miscarriage of justice exception does not apply to render Petitioner's claims timely.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Amended Petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 18) is GRANTED, and this entire case is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: June 30, 2021

David C. Nye
Chief U.S. District Court Judge